UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TONY PENWELL,

    Plaintiff,

v.

CHERYL STRANGE, *et al.*,

    Defendants.

CASE NO. 3:21-cv-05722-RJB-JRC

ORDER DIRECTING *PRO BONO* COORDINATOR TO IDENTIFY *PRO BONO* COUNSEL

The District Court has referred this 42 U.S.C. § 1983 civil rights action to Chief United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR1, MJR3, and MJR4. *See* Dkt. 5. This matter is before the Court on plaintiff's motion for appointment of counsel. *See* Dkt. 8.

Having considered plaintiff's motion, the balance of the record, and the governing law, the Court grants plaintiff's motion for the appointment of counsel, contingent on the identification of counsel willing to present plaintiff *pro bono* in this matter.

| | |
|---|---|
| 1 | **BACKGROUND** |
| 2 | Plaintiff, who proceeds *in forma pauperis*, brought this matter in September 2021. Dkt. |
| 3 | 1. He is housed at the Washington State Reformatory ("WSR"), a portion of the Monroe |
| 4 | Correctional Complex. He alleges that the WSR formerly comprised four living units with 158 |
| 5 | single occupant cells but that as part of the planned closure of the facility, DOC has closed two |
| 6 | WSR living units and transferred prisoners to the remaining two units. Dkt. 7, at 5. Plaintiff |
| 7 | alleges that this has resulted in double-celling prisoners who were formerly in single-occupant |
| 8 | cells and has essentially resulted in a "158% capacity increase." Dkt. 7, at 5–7. |
| 9 | Plaintiff asserts that the conditions of confinement at the WSR violate his Eighth |
| 10 | Amendment rights. He argues that consolidation has impeded the ability to socially distance and |
| 11 | that DOC's safety measures have been inadequate. *See* Dkt. 7, at 8–9. Significantly, he claims |
| 12 | that defendants have intentionally punished prisoners who self-report COVID-19 symptoms "in |
| 13 | hope of keeping people from reporting being sick" and are falsifying case numbers. Dkt. 7, at 9. |
| 14 | He also alleges that ventilation is inadequate, that his medical conditions are exacerbated by the |
| 15 | living conditions, that noise is "out of control," that there is "regular violence," and that he is |
| 16 | forced to share a toilet with his cellmate. Dkt. 7, at 7. Plaintiff further claims that his rights to |
| 17 | equal protection and to due process were violated by consolidation. Dkt. 7, at 10–13. |
| 18 | Plaintiff sought a temporary restraining order and preliminary injunctive relief. Dkt. 10. |
| 19 | His motion focused on allegations of overcrowding and relocation during the ongoing COVID- |
| 20 | 19 pandemic. *See* Dkt. 10. The undersigned recommended denying the motion because the |
| 21 | relief sought was overbroad, because overcrowding alone does not amount to an Eighth |
| 22 | Amendment violation, and because the materials that plaintiff provided in support of his motion |
| 23 | did not support that prison administrators were deliberately indifferent to conditions caused by |
| 24 | |

alleged overcrowding during COVID-19. *See generally* Dkt. 13. The undersigned's report and recommendation remains pending before the District Court at this time. *See* Dkt. 13.

Plaintiff's motion for appointment of counsel is ripe for review. *See* Dkt. 8. Defendants have filed no response.

**DISCUSSION**

Plaintiffs proceeding under 42 U.S.C. § 1983 have no constitutional right to appointed counsel. *See United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995). However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). *See id.* To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits and [plaintiff's] ability to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)). "Neither of these considerations is dispositive and instead [both] must be viewed together." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

Plaintiff proceeds *in forma pauperis* and states that he cannot afford counsel. He states that he is uncertain whether he will continue to have law library access. *See* Dkt. 8, at 1.

This matter is complex enough that it is unlikely plaintiff can articulate and effectively litigate his claims *pro se*. Indeed, plaintiff seeks to bring this matter as a class action, and he cannot bring a class action while proceeding *pro se*. *See, e.g.*, *Antonetti v. Foster*, 691 F. App'x 841, 842 (9th Cir. 2017). Although the Court declines to further analyze the merits of plaintiff's claims at this stage in the litigation, plaintiff's § 1983 arguments do raise significant constitutional issues, as alleged in the complaint. For instance, plaintiff alleges that defendants created an environment in which prisoners incarcerated at WSR were effectively punished for

self-reporting COVID-19 symptoms, in order to avoid having to report the true scale of the COVID-19 outbreak at the WSR while the DOC is closing and consolidating that institution. This Court recommended denying plaintiff's motion for a temporary restraining order and preliminary injunctive relief at least in part because plaintiff was, acting *pro se*, unable to substantiate these claims with materials that could adequately support his claims.

The appointment of counsel to represent plaintiff will ensure that plaintiff, who is housed at an institution currently being closed, is able to engage in discovery and to litigate his claims.

In short, the interest of justice will best be served if counsel from the Western District Pro Bono Panel is appointed to represent plaintiff in this matter. *See also Johnson v. California*, 207 F.3d 650, 656 (9th Cir. 2000) (per curiam) (stating that appointment of counsel may be justified when a proceeding will go forward "more efficiently and effectively").

**CONCLUSION AND DIRECTIONS TO CLERK**

Plaintiff's motion to appoint counsel (Dkt. 8) is granted, contingent on the identification of counsel willing to represent plaintiffs in this matter. The Western District of Washington's *pro bono* coordinator is directed to identify counsel to represent plaintiffs, in accordance with the Court's General Order 16-20 ("In re: Amended Plan for the Representation of *Pro Se* Litigants in Civil Rights Actions"), section 4. Once it has been determined whether the Court will be able to appoint an attorney to represent plaintiff, the Court will issue appropriate orders.

Dated this 23rd day of December, 2021.

J. Richard Creatura
Chief United States Magistrate Judge