UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TONY PENWELL,

    Plaintiff,

v.

CHERYL STRANGE, *et al.*,

    Defendants.

CASE NO. 3:21-cv-05722-RJB-JRC

REPORT AND RECOMMENDATION

NOTED FOR: January 14, 2022

The District Court has referred this matter to the undersigned. Before the Court is plaintiff's motion to certify this matter as a class action. Dkt. 9.

Plaintiff, who proceeds *pro se*, brings suit against various Washington State Department of Corrections ("DOC") employees and officials and alleges that conditions at the Monroe Correctional Center, Washington State Reformatory (the "WSR") during the COVID-19 outbreak and the closure and consolidation of the facility violate his constitutional rights. He

REPORT AND RECOMMENDATION - 1

1  seeks certification of the entire prison population in Washington State.

2  **DISCUSSION**

3  Plaintiff instituted this matter in September 2021. Dkt. 1. He alleges that the WSR formerly comprised four living units with 158 single-occupant cells but that as part of the planned closure of the facility, DOC has closed two WSR living units and transferred prisoners to the remaining two units. Dkt. 7, at 5. Plaintiff alleges that this has resulted in double-celling prisoners who were formerly in single-occupant cells and has essentially resulted in a "158% capacity increase." Dkt. 7, at 5–7.

Plaintiff asserts that the conditions of confinement at the WSR violate his Eighth Amendment rights. He argues that consolidation has impeded the ability to socially distance and that DOC's safety measures have been inadequate. *See* Dkt. 7, at 8–9. He also claims that defendants have intentionally punished prisoners who self-report COVID-19 symptoms "in hope of keeping people from reporting being sick" and are falsifying case numbers. Dkt. 7, at 9. He also alleges that ventilation is inadequate, that his medical conditions are exacerbated by the living conditions, that noise is "out of control," that there is "regular violence," and that he is forced to share a toilet with his cellmate. Dkt. 7, at 7. Plaintiff further claims that his rights to equal protection and to due process were violated by consolidation. Dkt. 7, at 10–13.

Relevant to this litigation, two other *pro se* prisoners have filed substantially similar lawsuits in this District. *See Jojo Deogracias Ejonga v. Cheryl Strange et al.*, 2:21-cv-01004-RJB-JRC (W.D. Wash.); *Isaiah Schubert v. Cheryl Strange et al.*, 2:21-cv-01070-RJB-JRC (W.D. Wash.).

Plaintiff was pro se at the time he filed his motion for class certification, which is fatal to his request to certify this matter. *See, e.g., Antonetti v. Foster*, 691 F. App'x 841, 842 (9th Cir.

2017) ("The district court properly denied Antonetti's motion for class certification because, as a pro se litigant, Antonetti has no authority to represent anyone other than himself."). However, the Court is also granting plaintiff's motion for appointment of counsel, contingent on the Court locating *pro bono* counsel for plaintiff. See Dkt. 23.

Nonetheless, even setting aside plaintiff's *pro se* status, his motion for class certification, as argued, lacks merit. Specifically, plaintiff must show (among other things) "that the claims or defenses of the representative parties are typical of the claims or defenses of the class[.]" Fed. R. Civ. P. 23(a)(3). Here, plaintiff's claims are patently not typical of the class that he seeks to certify: the entire DOC prisoner population. *See Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 984 (9th Cir. 2011). Therefore, the Court recommends that plaintiff's motion for class certification be denied *without prejudice*. This means that if counsel is located to represent plaintiff, counsel may consider filing a motion that addresses more thoroughly the requirements of Fed. R. Civ. P. 23.

## CONCLUSION

For the reasons set forth above, the Court recommends denying the motion for class certification. Dkt. 9.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit

1 | imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **January 14,**
2 | **2022,** as noted in the caption.
3 | Dated this 27th day of December, 2021.

J. Richard Creatura
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 4