UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TONY PENWELL,

                Plaintiff,

      v.

CHERYL STRANGE, *et al.*,

                Defendants.

CASE NO. 3:21-cv-05722-RJB-JRC

ORDER ON MISCELLANEOUS
MOTIONS

This matter is before the Court on plaintiff's motion for leave to appeal (Dkt. 37), motion to treat a motion for judgment on the pleadings as a summary judgment motion (Dkt. 38), and motion to strike the motion for judgment on the pleadings.  Dkt. 39.  The Court declines to rule on the motion for leave to appeal, denies the other two motions, and directs the Clerk's Office to take the actions set forth in the conclusion, *infra*.

**I.  Motion for Leave to Appeal**

The Court granted plaintiff's motion for the appointment of counsel in December 2021, although the Court's ruling was contingent on the Court's *pro bono* coordinator identifying

1    counsel.  *See* Dkt. 23.  No counsel was identified, so that on March 16, 2022, the Court entered a

2    scheduling order and an order noting that plaintiff would be required to proceed *pro se*, unless he

3    could identify counsel himself.  Dkt. 36.

4         Plaintiff states that he seeks a stay of procedures so that he may appeal the Court's ruling,

5    specifically, the Court's appointment of counsel "'willing' to take the case."  Dkt. 37, at 2.

6    Plaintiff alleges that this language violated his right to equal protection because not all orders

7    appointing counsel include the caveat regarding identifying counsel willing to take the case.

8    Dkt. 37, at 3.

9         Plaintiff's request is for permission to bring an interlocutory appeal.  *See* 28 U.S.C. §

10   1292.  However, the undersigned ruled on matters related to plaintiff's motion for appointment

11   of counsel pursuant to 28 U.S.C. § 636(b)(1)(A), and even if plaintiff met the requirements to

12   certify an interlocutory appeal, review of such an order by direct appeal to the Ninth Circuit is

13   not available.  *See Est. of Conners by Meredith v. O'Connor*, 6 F.3d 656, 658 (9th Cir. 1993)

14   (explaining that where a case is referred to a magistrate judge under § 636(b)(1), a magistrate

15   judge's orders are not directly appealable to the court of appeals); *Reynaga v. Cammisa*, 971

16   F.2d 414, 416 (9th Cir. 1992) (similar); *see also United States v. Browning*, 398 F. App'x 908,

17   909 (4th Cir. 2010) ("[A] magistrate judge may enter a final order directly appealable to a court

18   of appeals upon the consent of all parties.  Otherwise, under § 636(b), a district court must

19   initially review the magistrate judge's order or proposed findings under either a de novo or

20   clearly erroneous standard of review, depending upon the nature of the ruling appealed.  Absent

21   an express adoption, modification, or rejection of the magistrate judge's ruling by the district

22   court, the ruling is generally not reviewable by the court of appeals.").  Thus, review of the

23

24

undersigned's orders was proper not by seeking interlocutory appeal but by seeking the review of the District Court judge presiding over this matter under Fed. R. Civ. P. 72(a).

The Court will accordingly docket plaintiff's motion for leave to appeal as objections to the Court's March 16, 2022, order on the appointment of counsel.  Pursuant to Fed. R. Civ. P. 72(a) and Local Civil Rule 72(a), the Clerk's Office shall note Dkt. 37 as objections to Dkt. 36 for consideration on the date of this Order by District Court Judge Robert J. Bryan.

## II.  Motion to Treat Motion for Judgment on the Pleadings as Summary Judgment Motion

Plaintiff seeks to have the motion for judgment on the pleadings treated as a Fed. R. Civ. P. 56 motion for summary judgment and to have matters outside the pleadings stricken.  *See* Dkt. 38, at 1.

The basis for plaintiff's motion is unclear.  First, he argues that defendants untimely filed their amended answers.  Dkt. 38, at 1.  Defendants filed their answer on December 23, 2021; they filed their amended answer on December 29, 2021.  Dkts. 22, 26.  They had the right to amend their answer as a matter of course within 21 days of service of the initial answer, and therefore the amended answer was timely filed.  *See* Fed. R. Civ. P. 15(a)(1)(A).

Second, plaintiff appears to argue that because the amended answer was untimely, the motion for judgment on the pleadings should be treated as a summary judgment motion.  Dkt. 38, at 1, 3.  The amended answer was timely filed, so that the Court declines to further consider this argument.

Plaintiff also appears to suggest that the Court cannot grant a motion for judgment on the pleadings related to a complaint that has been screened by the Court.  *See* Dkt. 38, at 1.  But "a defendant's right to bring a motion to dismiss [or similar motion] is not foreclosed by the

issuance of a *sua sponte* screening providing that the prisoner has stated a claim." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007). This argument lacks merit. The motion to have the motion for judgment on the pleadings treated as a summary judgment motion is denied.

### III.  Motion to Strike Motion for Judgment on the Pleadings

Finally, plaintiff requests that the motion for judgment on the pleadings be stricken because defendants did not file the notice that the Ninth Circuit has required must be filed with pending motions to dismiss and motions for summary judgment. *See* Dkt. 39, at 1; *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998) (en banc); *Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2003).

The Court is not aware of any published Ninth Circuit authority requiring such a notice when a motion for judgment on the pleadings is filed. In any event, defendants did file such a notice. Dkt. 35. Plaintiff asserts that he did not receive the notice, and because the Court is re-noting the motion for judgment on the pleadings, as a courtesy, the Court directs the Clerk's Office to resend the notice of dispositive motion (Dkt. 35) to plaintiff. The motion to strike the motion for judgment on the pleadings is denied.

### IV.  Response to the Motion for Judgment on the Pleadings

Plaintiff appears to have declined to file a response to the motion for judgment on the pleadings because he believes that the motion is frivolous based on arguments addressed and rejected above. *See* Dkt. 38, at 2.

Because the Court rejects plaintiff's arguments for striking the motion for judgment on the pleadings or otherwise declining to consider it, the Court will *sua sponte* enlarge the time to file a responsive brief in opposition to the motion.

1    The Clerk's Office shall renote the motion for judgment on the pleadings for

2  consideration on **May 27, 2022.**  Plaintiff shall file any response on or before **May 23, 2022.**

3                                **CONCLUSION**

4    (1) The Court declines to rule on the motion for leave to appeal (Dkt. 37) and denies the

5  motion to treat a motion for judgment on the pleadings as a summary judgment motion (Dkt. 38),

6  and motion to strike the motion for judgment on the pleadings.  Dkt. 39.

7    (2) The Clerk's Office shall docket plaintiff's motion for leave to appeal (Dkt. 37) as

8  objections to the Court's March 16, 2022, order on the appointment of counsel.  Pursuant to Fed.

9  R. Civ. P. 72(a) and Local Civil Rule 72(a), the Clerk's Office shall note Dkt. 37 as objections to

10  Dkt. 36 for consideration on the date of this Order by District Court Judge Robert J. Bryan.

11    (3) The Clerk's Office shall also resend the notice of dispositive motion (Dkt. 35) to

12  plaintiff.

13    (4) Finally, the Clerk's Office shall renote the motion for judgment on the pleadings for

14  consideration on May 27, 2022.

15    Dated this 3rd day of May, 2022.

16

17  _____

18  J. Richard Creatura
    Chief United States Magistrate Judge

19

20

21

22

23

24