UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TONY PENWELL,<br><br>                                Plaintiff,<br>      v.<br><br>CHERYL STRANGE, *et al.*,<br><br>                                Defendants. | CASE NO. 3:21-cv-05722-RJB-JRC<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

       This matter comes before the Court on the Report and Recommendation ("R&R") of Chief Magistrate Judge J. Richard Creatura (Dkt. 47) on Defendants' Motion for Judgment on the Pleadings (Dkt. 34). The Court has considered the R&R, the Parties' objections (Dkts. 48 and 49), Defendants' response to Plaintiff's objections (Dkt. 60), and the remaining file. The Court is fully informed.

       For the reasons set forth in this order, the R&R should be adopted except as it pertains to Plaintiff's claim for injunctive relief, which is now moot.

ORDER ADOPTING REPORT AND RECOMMENDATION - 1

## I. BACKGROUND

Plaintiff Tony Penwell, who proceeds *pro se*, is currently incarcerated at the Washington State Penitentiary in Walla Walla, Washington. Dkt. 46. The allegations in his complaint, however, relate to conditions at the Washington State Reformatory ("WSR") in Monroe, Washington, where he was housed when he filed his complaint. Dkt. 7.

Plaintiff brings three causes of action in his complaint, all pursuant to 42 U.S.C. § 1983. *Id.* He claims that the conditions of his confinement violate the Eighth Amendment in light of the Covid-19 pandemic. *Id.* at 4. He also brings two Fourteenth Amendment claims, alleging that Defendants violated his rights to due process and equal protection. *Id.* at 10–11. The R&R finds that plaintiff adequately states an Eighth Amendment claim, but that his Fourteenth Amendment claims fail as a matter of law. Dkt. 47. Defendants argue in objections that the R&R erred as to the Eighth Amendment claim and that Plaintiff's complaint should be dismissed with prejudice. Dkts. 48 and 60. Plaintiff argues in objections that the R&R erred as to his Fourteenth Amendment claim, and that all claims should proceed. Dkt. 49.

## II. DISCUSSION

### A. EIGHTH AMENDMENT CLAIM

This case arises out of the consolidation of four units in the WSR, each with 158 single man cells, into two units. Dkt. 7. Plaintiff alleges that Defendants implemented this consolidation during the COVID-19 pandemic despite known health risks. *Id.* 5. Consolidation forced inmates to double cell, with two people living in a cell intended for one person, general overcrowding, and a dangerously heightened risk of contracting COVID-19. *Id.*; Dkt. 47 at 3. He alleges that the three named Defendants ordered, among other things, prisoners who self-

reported COVID-19 be placed in punitive conditions to deter the reporting of COVID-19 symptoms and to hasten the consolidation and closure of the WSR. *Id.* at 2. The R&R finds that he adequately states an Eighth Amendment violation because, objectively, "society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose *anyone* unwilling to such a risk," and, subjectively, each defendant would have acted with deliberate indifference if the allegations are proven to be true. Dkt. 47 at 6 (*citing Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

In objections, Defendants argue that the R&R erred (1) by finding that Plaintiff could state a claim based on combined actions, (2) by misunderstanding arguments about Plaintiff's objective risk of harm, (3) by crediting Plaintiff's unfounded and conclusory allegations about discouraging self-reporting of Covid-19 symptoms, (4) by applying the standard for personal participation for injunctive claims to damages claims, and (5) by not granting qualified immunity to all Defendants. Dkt. 47. Defendants also argue that Plaintiff's transfer to the Washington State Penitentiary moots his claims for injunctive relief. *Id.* at 3.

Except for Defendants' argument about injunctive relief, their objections lack merit. First, they argue that Plaintiff cannot state a claim based on combined action because the Supreme Court rejected similar logic in *Wilson v. Seiter*, 501 U.S. 294 (1991). In *Wilson*, however, the Court made clear that "[s]*ome* conditions of confinement may establish an Eighth Amendment violation 'in combination' when each would not do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise—for example, a low cell temperature at night combined with a failure to issue blankets." *Id.* at 304. In this case, Plaintiff alleges that Defendants unlawfully risked exposure to a serious communicable disease. His allegations about double-

ORDER ADOPTING REPORT AND RECOMMENDATION - 3

celling, lack of ventilation, inadequate testing, lack of meaningful safety measures, falsifying numbers of active cases, and punishing prisoners who self-report Covid-19 symptoms combine to support this claim.

Second, Defendants argue that the R&R did not consider whether Plaintiff demonstrates objective risk of injury caused by exposure Covid-19. Plaintiff adequately alleges that he does. He alleges that he is in a heightened risk group, he contracted Covid-19 twice and was hospitalized for it, his illness caused him ongoing health problems including exacerbating a preexisting health condition, and that the conditions at WSR caused this risk and his resulting injury. Dkts. 7 and 51.

Third, Defendants argue that Plaintiff's allegation about discouraging self-reporting Covid-19 symptoms is unfounded and conclusory. Whether this claim is unfounded is a question of fact that cannot be determined on the pleadings. Furthermore, it is not impermissibly conclusory under *Iqbal*, 556 U.S. 662, and *Twombly*, 550 U.S. 544. These cases explain the plausibility standard required to survive a motion to dismiss. In *Iqbal*, the plaintiff's claim of unconstitutional discrimination failed because even assuming the truth of facts as alleged, the defendant's actions were "more likely explained by lawful . . . behavior" than misconduct. 556 U.S. at 679. In other words, it was implausible that the plaintiff could make a claim for unconstitutional discrimination based on the facts alleged. *Id*. In this case, Plaintiff supports his claim of unconstitutionally cruel and unusual punishment with a variety of alleged facts, including that Defendants discouraged inmates from self-reporting Covid-19 symptoms. The alleged facts plausibly support an Eighth Amendment claim because, if true, they would more likely than not constitute cruel and unusual punishment.

Fourth, Defendants argue that the R&R misapplied the standard for injunctive relief to Plaintiff's claim for damages. A damages claim, unlike a claim for injunctive relief, requires that a defendant be personally involved in the alleged harm and have acted intentionally or with deliberate indifference to the risk of harm. *Leer v. Murphy*, 844 F.2d 628, 634 (1988). The R&R explicitly addresses the damages standard and finds that "plaintiff has specifically alleged that the various Defendants (a DOC secretary and two WSR employees or officials) ordered the actions to be carried out, including implementing the consolidation plan (and promulgating various memoranda to that effect) and effecting punitive conditions for COVID-19 patients to deter self-reporting symptoms." Dkt. 47 at 10. Plaintiff specifically alleges each Defendant's personal participation. *Id.*; Dkt. 7 at 8. The Court agrees with the R&R that "[w]hether or not such allegations can be proved is one matter, but these allegations are specific enough to survive a motion for judgment on the pleadings." Dkt. 47 at 11.

Fifth, Defendants argue that they are all are entitled to qualified immunity. As discussed in the R&R, it is clearly established law that prison officials may not "be deliberately indifferent to the exposure of inmates to a serious, communicable disease" under the Eighth Amendment. *Helling v McKinney*, 509 U.S. 25, 33 (1993). Ignoring "a condition of confinement that is sure or very likely to cause serious illness" including crowded cells in which one or more people has "infectious maladies" constitutes deliberate indifference to that risk. *Id.* As such, a reasonable prison official should know that causing exceptionally crowded cells during a pandemic, not providing reasonable safety measures in a timely manner, and discouraging symptom reporting is deliberately indifferent to a serious risk of harm. However, future discovery may show that Defendants are entitled to qualified immunity. Therefore, their motion for qualified immunity should be denied without prejudice.

ORDER ADOPTING REPORT AND RECOMMENDATION - 5

Plaintiff's claim for injunctive relief, however, is now moot.  *See Nelson v. Heiss*, 271 F.3d 891, 897 (9th Cir. 2001) ("[W]hen a prisoner is moved from a prison, his action will usually become moot as to conditions at that particular facility.").  To get prospective relief, "a plaintiff must demonstrate that he has suffered or is threatened with 'a concrete and particularized harm,' coupled with 'a sufficient likelihood that he will again be wronged in a similar way." *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007) (quoting *Lujan v. Def. of Wildlife*, 504 U.S. 555, 560–61 (1992)).

Plaintiff's Eighth Amendment claim centers squarely on alleged policies and practices at the WSR.  Plaintiff is no longer at the WSR and there is no firm plan for him to return.  Therefore, there is not a sufficient likelihood that he will again be wronged in a similar way.

**B.   PROCEDURAL DUE PROCESS**

Plaintiff claims that Defendants deprived him of the privileges of holding a lower-custody status, such as television, a single-bunk cell, and freedom of movement, when consolidating WSR units, in violation of his right to due process.  The R&R finds that he does not state a viable claim.  The Court agrees.

In objections, Plaintiff argues that the R&R misunderstood his due process claim.  Dkt. 49.  He clarifies his claim as: "Thus, because there was a process that was due in order to get and maintain the single man cell, due process was therefore required to deprive Plaintiff of this "earned privilege." *Id.* at 2.  In other words, Defendants have procedures for taking away privileges, and they violated Plaintiff's right to procedural due process by not following them. *Id.* This is incorrect.

The Constitution does not require a state to follow a procedure just because it has one.  Instead, a state must provide procedural due process only before depriving a person of a

*protected* liberty or property interest.  *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 571 (1972).

Plaintiff cites *Hydrick v. Hunter*, 466 F.3d 676 (2006), to argue that he has a due process-protected interest in his custody status and its associated privileges.  Dkt. 49 at 2.  While *Hydrick* did support his argument, it was later superseded by the Ninth Circuit *En Banc*, 500 F.3d 978 (2007), and ultimately vacated and remanded by the United States Supreme Court, 556 U.S. 1256 (2009).  To establish that a prison deprived an incarcerated person of a protected interest, the plaintiff must show that the restriction "imposes atypical and significant hardship . . . in relation to the ordinary incidents of prison life."  *Sandin v. Conner*, 515 U.S. 472, 484 (1995).  Loss of custody status does not generally meet this standard.  *See Hernandz v. Johnston*, 833 F.2d 1316, 1318 (9th Cir. 1987) (agreeing that "a prisoner has no constitutional right to a particular classification status").

Plaintiff does not allege that his loss of minimum-security custody status and other associated privileges created an atypical hardship.  The conditions he complains of are not atypical.  Shared cells and limited access privileges are common throughout the prison system and may be experienced by all inmates in medium security custody.  Furthermore, Plaintiff did not uniquely lose a privilege.  He was one of many inmates whose circumstances changed for administrative reasons.  A change like this may be a hardship, but it alone is not "significant."  Administrative realities will inevitably force certain conditions as part of the ordinary incidents of prison life.  Therefore, Plaintiff does not state a viable procedural due process claim.

### C.  EQUAL PROTECTION

The R&R finds that Plaintiff's equal protection claim should be dismissed because he does not identify a suspect class or an alleged basis for his claimed discrimination.  In objections,

Plaintiff clarifies his alleged class is people who are particularly vulnerable to Covid-19 including the elderly and persons suffering from seriously underlying health conditions. Dkt. 49 at 4.

Plaintiff does not claim that Defendants overtly classified a specific group for dissimilar treatment like, for example, a law that provides certain rights depending on race. *See Bolling v. Sharpe*, 347 U.S. 497, 498 (1954). He instead theorizes that vulnerable people, including himself, have been disparately impacted by Covid-19 because the prison failed to provide them with additional safety precautions during the planned consolidation of the WSR. Dkt. 49 at 4. To state a claim under a "disparate impact" theory, a plaintiff must show both that impact was disparate and proof of discriminatory intent. *McLean v. Crabtree*, 173 F.3d 1176, 1185 (1999).

Plaintiff does not plausibly allege either. Although his pleadings imply that WSR's consolidation created a disparate impact on vulnerable populations within the prison, he does not supply supporting proof of such impact. He also fails to provide proof that consolidating WSR during the Covid-19 pandemic was intended to discriminate against vulnerable people. Plaintiff does not state a claim under the Equal Protection Clause.

### D. DISMISSAL WITHOUT PREJUDICE

Defendants object to the R&R's conclusion that dismissal of Plaintiff's Fourteenth Amendment claims should be without prejudice. Dkt. 48. Dismissal without prejudice is the general rule, and it is appropriate at this time. *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1108 (9th Cir. 2003). Plaintiff filed a motion for leave to file a supplemental complaint that is pending before the Magistrate Judge but is not yet ripe. Dkt. 58. The Magistrate Judge may readdress this issue in response to Plaintiff's motion.

# III. ORDER

Therefore, it is hereby ORDERED that:

- Plaintiff's claim for injunctive relief is dismissed as moot;
- The Report and Recommendation (Dkt. 47) is otherwise adopted.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 11th day of August, 2022.

*[signature: Robert J. Bryan]*

ROBERT J. BRYAN
United States District Judge