UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TONY PENWELL,

          Plaintiff,

v.

CHERYL STRANGE, *et al.*,

          Defendants.

CASE NO. 3:21-cv-05722-RJB-JRC

REPORT AND RECOMMENDATION

NOTED: October 14, 2022

This matter is before the Court on plaintiff's motion for temporary restraining order (TRO) and preliminary injunction, and on his motion for leave to file a supplemental complaint. *See* Dkts. 53, 57.

Plaintiff, who proceeds *pro se* and who is incarcerated at the Washington State Penitentiary (WSP) in Walla Walla, brings suit against the Department of Corrections (DOC) secretary and two Washington State Reformatory (WSR) officials related to the conditions of his confinement during the time he was incarcerated at the WSR, part of the Monroe Corrections

REPORT AND RECOMMENDATION - 1

1    Center (MCC). Plaintiff moves the Court to supplement his complaint and to grant him

2    injunctive relief based on events that occurred during his time at the WSP.

3        Plaintiff's request to supplement his Eighth Amendment claim with allegations of events

4    that occurred after he filed his complaint is appropriate. The Court recommends that he be given

5    leave to supplement his complaint in that regard. However, the Court recommends that plaintiff

6    be denied leave to supplement his Fourteenth Amendment claims because those claims have

7    been dismissed and the new allegations do not cure the deficiencies. The Court also recommends

8    that plaintiff be denied leave to supplement his complaint with new claims of retaliation and

9    denial of access to the courts because the allegations in his supplemental complaint fail to state a

10    viable claim as to either. Accordingly, the Court recommends that plaintiff's motion for leave to

11    file a supplemental complaint be granted in part and denied in part.

12        The Court also recommends that plaintiff's motion for TRO and preliminary injunction

13    be denied because plaintiff seeks injunctive relief that is unrelated to the underlying complaint.

**BACKGROUND**

15        Plaintiff initiated this 42 U.S.C. § 1983 action against various DOC employees and

16    officials due to alleged constitutional violations while he was incarcerated at the WSR. *See* Dkt.

17    7. Plaintiff's complaint sought to bring an Eighth Amendment claim alleging that the conditions

18    of his confinement were unconstitutional in light of the COVID-19 pandemic. *See id.* at 4. He

19    also sought to bring two Fourteenth Amendment claims for alleged violations of his rights to due

20    process and equal protection. *See id.* at 10–11.

21        On June 30, 2022, the undersigned recommended that plaintiff's Fourteenth Amendment

22    claims be dismissed without prejudice but that his Eighth Amendment claim should proceed. *See*

23    Dkt. 47. The Honorable Robert J. Bryan adopted this Court's Report and Recommendation. *See*

24

1 | Dkt. 61. However, while the undersigned's Report and Recommendation was pending, plaintiff
2 | filed a motion for TRO and preliminary injunction, and a motion for leave to file a supplemental
3 | complaint. *See* Dkts. 53, 57. Defendants oppose both motions and plaintiff did not file his
4 | optional reply briefs. *See* Dkts. 55, 62.

**DISCUSSION**

**I.     Motion for Leave to File a Supplemental Complaint**

Plaintiff seeks leave to file a supplemental complaint that includes additional allegations regarding his Eighth and Fourteenth Amendment claims as well as new claims under the First and Sixth Amendments. *See* Dkt. 57. Defendants oppose plaintiff's motion because plaintiff seeks to improperly add separate and distinct claims and because the new allegations fail to state a claim, which makes the supplement futile. *See* Dkt. 62 at 1–5.

Under Federal Rule of Civil Procedure 15(d), "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." In determining whether to grant leave to file a supplemental complaint, the Court considers "(1) undue delay, (2) bad faith or dilatory motive on the part of the movant, (3) repeated failure of previous amendments, (4) undue prejudice to the opposing party, and (5) futility of the amendment." *Lyon v. U.S. ICE*, 308 F.R.D. 203, 214 (N.D. Cal. 2015) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

Although Rule 15(d) does not require the moving party to satisfy a transactional test, there must be a relationship between the claim in the original pleading and the claims sought to be added. *See Keith v. Volpe*, 858 F.2d 467, 474 (9th Cir. 1988). Thus, "[w]hile leave to permit

1  supplemental pleading is favored, it cannot be used to introduce a separate, distinct and new
2  cause of action." *Planned Parenthood of S. Ariz. v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997)
3  (internal quotation marks and citation omitted).

### A. Eighth Amendment Claim

Plaintiff seeks to "supplement" his Eighth Amendment claim by including many of the same allegations in his proposed supplemental complaint that already exist in his complaint. *Compare* Dkt. 7 at 4–9, *with* Dkt. 57 at 5–7. However, plaintiff also makes some new allegations of events that occurred after he filed his complaint. For example, plaintiff alleges that nurses did not follow certain COVID-19 medical protocols, that infected laundry was "sent out through normal channels of operations spreading the virus," and that he was infected a second time in December 2021. *Id.* at 7–8.[1] Defendants argue that these allegations are new and separate causes of action under the Eighth Amendment. *See* Dkt. 62 at 2–3.

The Court previously rejected similar arguments made by defendants and does so again here. *See* Dkts. 47 at 6–7 (concluding that plaintiff is bringing one claim under the Eighth Amendment and not a "conglomeration of individual claims"), 61 at 3–4 (adopting the Court's reasoning). Defendants also argue that "all of [plaintiff]'s supplemental allegations fail to allege personal participation on behalf of any of the [d]efendants." Dkt. 62 at 5. The Court does not find that this argument applies to plaintiff's Eighth Amendment claim because the Court has already concluded that plaintiff has alleged enough to state an Eighth Amendment claim in his complaint and he is allowed to supplement that claim with "any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d).

---

[1] Plaintiff also includes allegations of retaliation within the Eighth Amendment section of his proposed supplemental complaint. *See* Dkt. 57 at 8–10. The Court construes this as a separate cause of action for retaliation and discusses it separately below.

1    Defendants make no argument that they would be prejudiced in any way by allowing
2 plaintiff to supplement his Eighth Amendment claim. In determining whether a defendant has
3 been prejudiced, the Court examines "whether the plaintiff's actions impair the defendant's
4 ability to go to trial or threaten to interfere with the rightful decision of the case." *Malone v. U.S.*
5 *Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987). "Prejudice is heightened when a Plaintiff seeks
6 to amend a complaint late in litigation." *Netbula, LLC v. Bindview Dev. Corp.*, No. C06 00711
7 MJJ, 2007 WL 2221070, at *4 (N.D. Cal. Aug. 2, 2007). This matter is still in the early stages of
8 litigation and the Court sees no prejudice that would result. Accordingly, the Court recommends
9 that plaintiff be given leave to supplement his Eighth Amendment claim.

10                              **B.  Fourteenth Amendment Claims**

11    Plaintiff seeks to supplement his Fourteenth Amendment equal protection and due
12 process claims. *See* Dkt. 57 at 11–16. However, the Court recently dismissed these claims, *see*
13 Dkt. 61 at 6–9, and the new allegations do nothing to cure the deficiencies. Notably, the new
14 allegations concern alleged retaliatory actions by defendant Strange, which the Court addresses
15 below. Accordingly, the Court recommends that plaintiff be denied leave to supplement his
16 Fourteenth Amendment claims.

17    Defendants urge the Court to take this opportunity to revisit its prior recommendation
18 that plaintiff's Fourteenth Amendment claims be dismissed without prejudice "[b]ecause it is
19 now clear that [plaintiff]'s supplemental allegations also do not state a claim . . . ." Dkt. 62 at 6.
20 Again, the general rule is that claims are dismissed without prejudice unless it is clear that they
21 cannot be saved by any amendment. *See Masuda v. Citibank, N.A.*, 38 F. Supp. 3d 1130, 1133
22 (N.D. Cal. 2014) (citing *Sparling v. Daou*, 411 F.3d 1006, 1013 (9th Cir. 2005)). Defendants
23 offer no argument to support a conclusion that plaintiff's Fourteenth Amendment claims cannot
24

1 be saved by *any* amendment. They merely state that they should be dismissed with prejudice

2 because plaintiff's supplemental complaint fails to state a claim. *See* Dkt. 62 at 6. But the fact

3 that plaintiff's attempt to supplement his claims fails does not necessarily mean that a future

4 amendment could not cure the deficiencies. Therefore, at this point in the case, the Court sees no

5 reason to depart from the general rule that these claims should be dismissed without prejudice.

### C. Retaliation Claim

Plaintiff's proposed supplemental complaint contains several allegations of retaliation within all of his claims. *See generally* Dkt. 57. For example, plaintiff alleges that defendant Strange retaliated against plaintiff for initiating this action by transferring him to another facility, depriving plaintiff's access to the law library and the courts, and taking his personal belongings. *See* Dkt. 57 at 8–18.

A viable claim for retaliation under the First Amendment entails five basic elements: (1) an assertion that a state actor took some adverse action against a prisoner (2) because of (3) the prisoner's protected conduct and that the adverse action (4) chilled the prisoner's exercise of his First Amendment rights, and (5) the adverse action did not reasonably advance a legitimate penological purpose. *See Rhodes v. Robinson*, 408 F.3d 559, 568 (9th Cir. 2005).

Defendants ask the Court to deny plaintiff leave to include a retaliation claim for two reasons. First, defendants argue that plaintiff cannot bring a separate, distinct, and new cause of action in his supplemental complaint. *See* Dkt. 62 at 3. The Court disagrees. "The purpose of Rule 15(d) is to promote as complete an adjudication of the dispute between the parties as possible by allowing the addition of claims which arise after the initial pleadings are filed." *William Inglis & Sons Baking Co. v. ITT Cont'l Baking Co., Inc.*, 668 F.2d 1014, 1057 (9th Cir. 1981) (internal citations omitted). A claim for retaliation based on the initiation of a lawsuit

would fall within Rule 15(d)'s purpose because it can only arise after a complaint is filed. *See Caruso v. Solorio*, No. 1:15-cv-00780-AWI-EPG (PC), 2019 WL 6009465, at *3 (E.D. Cal. Nov. 14, 2019) ("Certainly, a supplemental complaint alleging retaliation for prosecuting a case is sufficiently related to the initial claim to fall under Rule 15(d)."). Therefore, the Court disagrees that such a claim cannot be added via a supplement.

Second, defendants argue that plaintiff fails to state a viable retaliation claim because plaintiff does not allege any personal participation by defendants. *See* Dkt. 62 at 5. The Court agrees. Even though plaintiff alleges that a "Sgt. Roop" was the one who took plaintiff's property, plaintiff states that defendant Strange is responsible because she "is in charge of all operations in every facility." Dkt. 57 at 9. In other words, plaintiff is alleging retaliation solely on the basis of *respondeat superior* or vicarious liability, which do not apply in § 1983 claims. *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). Plaintiff does not allege that defendant Strange was involved in any of the retaliatory conduct or that she ratified such conduct. Thus, plaintiff fails to plead a viable retaliation claim.

### D. Access to the Court Claim

Plaintiff's proposed supplemental complaint includes a new "Sixth Amendment" claim for an alleged violation of plaintiff's right to access the court. *See* Dkt. 57 at 16. Specifically, plaintiff alleges that defendants violated his "[r]ights to access the court by transferring [p]laintiff to another facility [p]reventing [p]laintiff from making his deadline to file motions in the court pertaining to this case." Dkt. 57 at 16. The Court construes this as a First Amendment claim because this is a civil action initiated by plaintiff and the Sixth Amendment guarantees rights to defendants in criminal proceedings.

1  Prisoners have a fundamental constitutional right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 346 (1996). To state a valid claim for a violation of the constitutional right of access to the courts, a prisoner must establish they have suffered an "actual injury" consisting of "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a claim." *Id.* at 348. (internal quotation and citation omitted).

  Defendants argue that plaintiff should not be given leave to supplement his complaint with this claim because it is "separate, distinct, and new," and because it is deficient. Dkt. 62 at 3, 5. The Court agrees with both points. Regarding the latter, plaintiff's claim is deficient against the named defendants because he does not allege any personal participation on behalf of any of the defendants. As to the former, any deprivation of his right to access the courts by persons other than the named defendants would constitute a "separate, distinct, and new" claim that cannot be joined in this action. *Planned Parenthood of S. Ariz.*, 130 F.3d at 402.

  Accordingly, the Court recommends that plaintiff's motion for leave to file a supplemental complaint be granted in part and denied in part.

**II.  Motion for Preliminary Injunction**

  Plaintiff moves the Court for a TRO and preliminary injunction. *See* Dkt. 56. The Court applies substantially identical standards when determining whether to issue a TRO or a preliminary injunction. *See Lockheed Missile & Space Co. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). This type of relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winters v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). A plaintiff seeking a preliminary injunction must establish (1) a likelihood of success on the merits, (2) a likelihood of suffering irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in the plaintiff's favor,

and (4) that an injunction is in the public interest. *See Winters*, 555 U.S. at 20. The burden to achieve injunctive relief is particularly high when a party seeks a mandatory injunction. *See Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015). Mandatory injunctions go beyond mere maintenance of the status quo and require a party to act. *See id.* Such a request should be denied unless the facts and law clearly favor the moving party. *Id.*

Here, plaintiff cannot show a likelihood of success on the merits where the relief appropriate if he prevails on the claims in his complaint is unrelated to the claims in his request for injunctive relief. *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015) ("[T]here must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint.") Plaintiff's only remaining claim is a deliberate indifference claim for damages based on the conditions of his confinement during his incarceration at WSR. *See* Dkts. 7, 61. However, plaintiff's motion for injunctive relief pertains to events that he alleges occurred at the WSP. *See* Dkt. 53 at 2.

For example, plaintiff alleges that on or about June 29, 2022, staff at WSP took half of plaintiff's property without providing him a list of the property taken, a clear understanding of the reason the property was taken, or information regarding the process to appeal. *See id.* at 2. Plaintiff also alleges that defendant Strange is retaliating against plaintiff for initiating this action. *See id.* at 4. Plaintiff asks the Court to order defendants to return all of plaintiff's property, to stop all retaliation, and to return plaintiff to his original facility at the WSR. *See id.* at 9. These allegations and the requested relief are of a different nature than the allegations and relief requested in plaintiff's complaint. Thus, injunctive relief is inappropriate. *See Mitchell v. Haviland*, No. 2:09–cv–3012-JAM-KJN, 2014 WL 458218 at *2 (E.D. Cal. Feb. 4, 2014) (denying a motion for injunctive relief alleging retaliation against a prisoner for filing a §

1983 action because it claimed new assertions of misconduct in a different prison by different prison employees).

The failure to show any particular likelihood of success on the merits is dispositive. However, because plaintiff requests transfer to another prison, the Court also notes that it is well-established that "the government has traditionally been granted the widest latitude in the dispatch of its own internal affairs"—a holding that applies particularly strongly in cases involving the administration of state prisons. *Cafeteria & Restaurant Workers Union v. McElroy*, 367 U.S. 886, 896 (1961); *Turner v. Safley*, 482 U.S. 78, 85 (1987). "Running a prison is an inordinately difficult undertaking . . . peculiarly within the province of the legislative and executive branches of government. . . . [S]eparation of powers concerns counsel a policy of judicial restraint. Where a state penal system is involved, federal courts have . . . additional reason to accord deference to appropriate prison authorities." *Turner*, 482 U.S. at 84–85.

Accordingly, the Court recommends that plaintiff's motion for TRO and preliminary injunction be denied.

**CONCLUSION**

The Court recommends that plaintiff's motion for leave to file a supplemental complaint (Dkt. 57) be granted in part and denied in part. Specifically, plaintiff should be given leave to supplement his Eighth Amendment claim and denied leave to supplement any other claims. Plaintiff should file a new supplement to his complaint and shall only include those transactions that occurred after he filed his complaint and are relevant to his Eighth Amendment deliberate indifference claim. It should not include any allegations of retaliation or other causes of action that are addressed by the Court's report and recommendation. Plaintiff should be given 21 days to file the supplement.

1  The Court also recommends that plaintiff's motion for a TRO and preliminary injunction (Dkt. 53) be denied.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge (*see* 28 U.S.C. § 636(b)(1)(C)) and can result in a result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **October 14, 2022**, as noted in the caption.

Dated this 28th day of September, 2022.

J. Richard Creatura
Chief United States Magistrate Judge