UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TONY PENWELL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CHERYL STRANGE, *et al.*,<br><br>　　　　　Defendants. | CASE NO. 3:21-cv-05722-RJB-JRC<br><br>ORDER DENYING MOTION TO APPOINT COUNSEL |

   This matter is before the Court on referral from the district court and on plaintiff's motion for appointment of counsel. *See* Dkt. 64. Defendants oppose the motion. *See* Dkt. 66.

   In December 2021, the Court granted plaintiff's initial motion for appointment of counsel (Dkt. 8) but indicated that the appointment of counsel was contingent on finding counsel willing to represent plaintiff *pro bono*. *See* Dkt. 23 at 1. The Court directed the Clerk's Office to locate counsel willing to represent plaintiff in this matter. Dkt. 23, at 4. Despite multiple efforts, however, the Clerk's Office was unable to locate volunteer *pro bono* counsel to represent plaintiff. The Court explained to plaintiff that he must proceed *pro se* unless he procures counsel

himself because the Court cannot compel counsel to represent plaintiff. *See* Dkt. 36 at 2 (citing 28 U.S.C. § 1915(e) ("The court may request an attorney to represent any person unable to afford counsel.")); *see also United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cty., State of Wash.*, 795 F.2d 796, 801 (9th Cir. 1986).

Plaintiff argues that the Court should attempt to appoint counsel again because "sufficient time has elapse[d] since the original search," he is now in Eastern Washington, and he is missing legal books. Dkt. 64 at 1–2. The Court declines to do so for three reasons. First, plaintiff's new circumstances have no bearing on the appointment of counsel. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) ("A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'") (citing *Weygandt v. Look,* 718 F.2d 952, 954 (9th Cir. 1983)). Second, the Court notes that plaintiff's action has been reduced to one claim for damages—instead of multiple claims seeking various forms of relief—which makes plaintiff's case less complex. *See* Dkt. 61. Third, plaintiff has shown he is capable of litigating this matter by clearly expressing his thoughts regarding the case and communicating his concerns to the court. Notably, plaintiff has filed numerous motions in this action with varying success, such as a motion to strike (Dkt. 39), motion to stay (Dkt. 50), motion for preliminary injunction (Dkt. 53), and a motion for leave to file a supplemental complaint (Dkt. 57).

Accordingly, plaintiff's motion for appointment of counsel (Dkt. 64) is denied.

Dated this 12th day of October, 2022.

J. Richard Creatura
Chief United States Magistrate Judge