UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TONY PENWELL,

        Plaintiff,

v.

CHERYL STRANGE, *et al.*,

        Defendants.

CASE NO. 3:21-cv-05722-RJB-JRC

ORDER DENYING PLAINTIFF'S MOTION TO APPOINT

This matter is before the Court on referral from the district court and on plaintiff's motion "for court appointed investigator and court used doctor for medical opinions." *See* Dkt. 78. Defendants oppose plaintiff's motion. *See* Dkt. 79.

Plaintiff is proceeding *pro se* and is currently housed at the Washington State Penitentiary. Plaintiff asks the Court to appoint an "investigator for the purpose of taking depositions." Dkt. 78 at 1. The Court denies plaintiff's request because the Court does not have the authority to appoint an investigator. *See Snow v. Mar*, 785 F. App'x 465, 466 (9th Cir. 2019) ("[T]here is no statutory authorization for a court-appointed investigator for civil litigants

proceeding in forma pauperis."). To the extent that plaintiff is requesting appointment of counsel, the Court denies this request for the reasons the Court has provided in multiple orders. *See* Dkts. 36, 44, 71 (explaining that the Court could not find counsel to represent plaintiff).

Plaintiff also asks the Court to appoint a medical expert to rebut the medical opinions of defendants' "employee[]." Dkt. 78 at 2. Plaintiff cites no authority for his request and merely states that he is "aware that the Courts use a selected number of [m]edical professionals for the purpose of obtaining medical opinions." Dkt. 78 at 2. Defendants also fail to provide any authority to guide the Court regarding plaintiff's request and merely state that the Court should deny plaintiff's motion. *See* Dkt. 79.

Courts do have the power to appoint experts to assist with a case. *See* Fed. R. Evid. 706. However, the appointment of such experts is typically done in complex litigation and their purpose is to assist the Court in understanding a complex or technical matter at issue. *See Witkin v. Lotersztain*, No. 2:19-cv-0406 TLN KJN P, 2022 WL 7099719, at *2 (E.D. Cal. Oct. 12, 2022) (collecting cases). The Court may not appoint an expert on behalf of an indigent civil litigant. *See Woodroffe v. Oregon*, No. 2:12-CV-00124-SI, 2014 WL 1383400, at *5 (D. Or. Apr. 8, 2014) (citing *Tedder v. Odel,* 890 F.2d 210, 211 (9th Cir.1989)); *Faletogo v. Moya*, 2013 WL 524037, at *2 (S.D. Cal. Feb. 12, 2013) (Rule 706 "does not contemplate court appointment and compensation of an expert witness as an advocate for one of the parties.").

Accordingly, plaintiff's motion (Dkt. 78) is denied.

Dated this 12th day of January, 2023.

_____
J. Richard Creatura
Chief United States Magistrate Judge