1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TONY PENWELL,

             Plaintiff,

    v.

CHERYL STRANGE, *et al.*,

             Defendants.

CASE NO. 3:21-cv-05722-RJB-JRC

ORDER CONTINUING
DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT AND
REOPENING DISCOVERY

       This matter is before the Court on referral from the district court and on defendants'

motion for summary judgment and plaintiff's request for a continuance. *See* Dkts. 81, 86.

       Plaintiff has moved the Court to continue defendants' motion for summary judgment so

that he may conduct discovery to support his claim. After review of the record, the Court finds

discovery is necessary in this matter given the complications presented by the Court's attempt to

appoint counsel and because plaintiff did not have reasonable time to conduct discovery related

to his supplemental allegations. Accordingly, the Court will briefly continue defendants' motion

for summary judgment and allow plaintiff to conduct discovery.

# BACKGROUND

Plaintiff initiated this 42 U.S.C. § 1983 action against various Department of Corrections employees and officials due to alleged constitutional violations while he was incarcerated at the WSR. *See* Dkt. 7. The only claim remaining is plaintiff's Eighth Amendment claim concerning defendants' handling of the COVID-19 pandemic at the Washington State Reformatory. *See* Dkt. 61. On November 2, 2022, the district court granted plaintiff leave to file a supplement to his complaint by November 30, 2022. *See* Dkt. 75. Plaintiff filed a supplement to his complaint on November 22, 2022. *See* Dkt. 76. Plaintiff's supplemental complaint contains allegations regarding nurses not following certain COVID-19 medical protocols, infected laundry being "sent out through normal channels of operations spreading the virus," and that he was infected a second time in December 2021. *See* Dkt. 76 at 3–5. Defendants filed an answer to the supplemental complaint on December 7, 2022. *See* Dkt. 77.

Defendants moved for summary judgment on January 13, 2023. *See* Dkt. 81. Plaintiff filed a response on February 4, 2023. *See* Dkt. 86.

# DISCUSSION

In his response to defendants' motion for summary judgment, plaintiff asks the Court to "postpone [defendants' motion] until [he] has had a reasonable time for [d]iscovery." Dkt. 86 at 1. A Court may defer ruling on summary judgment and allow time for discovery "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition[.]" Fed. R. Civ. P. 56(d). In doing so, the Court may "(1) defer considering the motion or deny it; (2) allow time to obtain affidavits or to take discovery; or (3) issue any other appropriate order." *Id.* Significant to the Court's analysis is the Ninth Circuit's guidance that a Rule 56(d) continuance "should be granted almost as a matter of course unless

ORDER CONTINUING DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT AND REOPENING
DISCOVERY - 2

1   the non-moving party has not diligently pursued discovery of evidence." *Burlington N. Santa Fe*

2   *R.R. Co. v. Assiniboine and Sioux Tribes of the Fort Peck Reservation*, 323 F.3d 767, 773–774

3   (9th Cir. 2003). Notably, a party making such a request where no discovery has taken place

4   "cannot be expected to frame its motion with great specificity as to the kind of discovery likely

5   to turn up useful information, as the ground for such specificity has not yet been laid." *Id.* at

6   774.

7         Here, plaintiff states that he has had "no discovery time, due to defendants' previous

8   filing motion to dismiss that required [p]laintiff to respond to," and because he has been waiting

9   for the Court to issue a new scheduling order. Dkt. 86 at 3–4. Plaintiff claims he "has [n]ot . . .

10  asked [d]efendants [for] [r]equest for admission[s] or [i]nterrogatories" that are "extremely

11  important" and that reveal information that defendants "leave out of their side of versions." *Id.* at

12  9. Specifically, plaintiff wants discovery related to (1) why defendants did not take care of

13  vulnerable individuals, (2) why defendants did nothing more than attempt to "hide behind the

14  vaccines as a shield," and (3) to "inquire into [d]efendants' [p]lan they mapped out and why it

15  fail all apart [sic]." *Id.* He claims the discovery will allow him to "show the Court [d]efendants[]

16  substantially [exposed] thousands of [incarcerated individuals] to such a dangerous

17  [c]ommunicable [d]isease as COVID-19 and the so called legitimate penological [i]nterest that

18  [d]efendants[] put forth turned out to be [n]ot [s]o [l]egitimate after all." *Id.*

19        Defendants oppose plaintiff's motion and argue that plaintiff was "fully aware of the

20  need to move the Court for additional discovery time if he sought it," and they claim they would

21  be "extremely prejudiced by further delay . . . ." Dkt. 87 at 11. Although plaintiff could have

22  moved to extend discovery, he erroneously believed the Court was going to issue another

23  scheduling order. *See* Dkt. 86 at 4. Strictly enforcing the procedural requirements against

24

1    plaintiff would deprive him of a decision on the merits of his case. The Ninth Circuit has made

2    clear that courts have a duty to ensure that a *pro se* litigant does not lose his rights to a merits-

3    based decision "due to ignorance of technical procedural requirements." *Balistreri v. Pacifica*

4    *Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). Thus, the Court will excuse plaintiff's oversight

5    this time.

6          Further, the Court attempted to appoint pro bono counsel for plaintiff in December 2021,

7    which may have contributed to the lack of discovery. *See* Dkt. 23. Plaintiff objected to the

8    Court's decision to proceed with the case after the Court was unable to procure pro bono counsel

9    for plaintiff. *See* Dkt. 37. The district court recently addressed plaintiff's objection and affirmed

10   the undersigned's decision. *See* Dkt. 92. Thus, to the extent that the pro bono counsel issue

11   contributed to the lack of discovery, *see e.g.*, Dkt. 78, it is now resolved and plaintiff can move

12   forward with discovery *pro se*.

13         Another consideration in granting plaintiff time to conduct discovery is the fact that

14   plaintiff did not have a reasonable time to conduct discovery regarding his supplemental

15   complaint. The district court adopted the undersigned's recommendation to grant plaintiff leave

16   to supplement his complaint on November 2, 2022. *See* Dkt. 75. Plaintiff filed his supplemental

17   complaint on November 22, 2022, *see* Dkt. 76, and defendants filed an answer on December 7,

18   2022, *see* Dkt. 77. Defendants filed their motion for summary judgment just over a month later,

19   on January 12, 2023. *See* Dkt. 81. Thus, plaintiff did not have a reasonable time to conduct

20   discovery regarding the allegations in his supplemental complaint.

21         Accordingly, the Court will continue defendants' motion for summary judgment and

22   allow plaintiff to conduct discovery to support his Eighth Amendment claim.

23   ///

24

1

**CONCLUSION**

2      The Court orders as follows:

3      • Plaintiff may conduct discovery to support his Eighth Amendment claim until May 5,

4         2023;

5      • Defendants' motion for summary judgment is continued to May 19, 2023;

6      • Plaintiff's response to defendants' motion for summary judgment must be filed by

7         May 15, 2023, and defendants' reply is due by May 19, 2023;

8      • The Clerk is directed to renote defendants' motion for summary judgment (Dkt. 81)

9         to May 19, 2023.

10     Dated this 8th day of March, 2023.

11

12

13

14     J. Richard Creatura
       United States Magistrate Judge

15

16

17

18

19

20

21

22

23

24

ORDER CONTINUING DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT AND REOPENING
DISCOVERY - 5