UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TONY PENWELL,<br><br>                      Plaintiff,<br>   v.<br><br>CHERYL STRANGE, et al., ,<br><br>                      Defendants. | CASE NO. 3:21-cv-05722-RJB<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

      This matter comes before the Court on the Report and Recommendation of U.S. Magistrate Judge Grady J. Leupold. Dkt. 98. The Court has considered the Report and Recommendation, Plaintiff's objections, and the remaining record. It is fully advised.

      On September 28, 2021, the Plaintiff, a *pro se* prisoner, filed this civil rights case related to conditions of his confinement at the Washington State Reformatory ("WSR") and the COVID-19 pandemic, asserting claims under the Eighth and Fourteenth Amendments to the U.S.

1  Constitution.[1]  Dkt. 1.  On May 16, 2022, the Plaintiff was transferred out of the WSR; he is now
2  at Stafford Creek Corrections Center.  Dkts. 82-1 at 12 and 99.  The Plaintiff's Fourteenth
3  Amendment claims were dismissed on August 11, 2022.  Dkts. 47 and 61.
4       On August 28, 2023, the Report and Recommendation was filed, recommending that the
5  Defendants' motion for summary judgment (Dkt. 81) be granted and the case dismissed with
6  prejudice.  Dkt. 98.  The Plaintiff filed objections to the Report and Recommendation (Dkt. 100)
7  and the matter is ripe for review.

**DISCUSSION**

9  The Report and Recommendation (Dkt. 98) should be adopted, the Defendants' motion
10 for summary judgment (Dkt. 81) be granted, and the case dismissed with prejudice.  The
11 Plaintiff's objections (Dkt. 100) do not provide adequate grounds to reject the Report and
12 Recommendation.
13      In his objections, the Plaintiff first discusses his difficulty conducting discovery due to
14 his prostate cancer diagnosis in February of 2022 and surgery for it in May of 2023.  Dkt. 100.
15 The Plaintiff indicates that from May of 2023 to August of 2023, he was sent to the Washington
16 State Penitentiary's infirmary to recover from surgery.  *Id.*  While there, he contends that he was
17 "prevented from contacting the outside world . . . illegally drug [sic], harassed, tortured, keep
18 from sleeping – high pitch/frequency sounds were pumpt [sic] into Plaintiff's room."  *Id.* at 3.

---

[1] In the fall of 2021, the Plaintiff also filed a Personal Restraint Petition in the Washington State Court of Appeals seeking compassionate release.  *In re the Personal Restraint of: Tony Penwell,* Washington State Court of Appeals, Div. 1 case number 83196-8-1.  As in this case, he contended, in part, that he should be released from custody due to the conditions at the WSR and the COVID-19 pandemic.  *Id.*  He asserted that the consolidation of WSR units during the COVID-19 pandemic violated both the federal and state constitutions.  *Id.*  (There are no state constitutional claims asserted in this case, however.)  On May 8, 2023, the Washington State Court of Appeals, Div. 1, denied his petition.  *In re Penwell*, 26 Wn. App. 2d 1033 (2023).  It noted that the state constitution's cruel punishment clause afforded more protection than its federal counterpart in the Eighth Amendment.  *Id.*  The court then held that the Plaintiff had not demonstrated that he faced "any significant risk of serious harm," the state had shown it "instituted comprehensive and extensive policies to mitigate the risk of the pandemic," and so the Plaintiff failed to demonstrated that he was entitled to relief under the state constitution.  *Id.*

ORDER ADOPTING REPORT AND RECOMMENDATION - 2

He contends that he would wake up to a "crazy sounding voice that was playing . . . brainwashing scriptures." *Id.*

The Plaintiff's difficulty in conducting discovery and the conditions he faced while recovering from surgery do not provide a basis to reject the Report and Recommendation. This case was filed two years ago. The parties have engaged in a lengthy period of discovery and on March 8, 2023, the Plaintiff's motion to reopen discovery and continue the motion for summary judgment was granted. Dkt. 93. Further, on May 8, 2023, the Plaintiff was granted an additional 60-day continuance of the discovery deadline and motion for summary judgment noting date. Dkt. 97. The Plaintiff was informed that he could renew his motion for a continuance of both the discovery deadline and the summary judgment motion if his health required it. *Id.* The Plaintiff did not renew his motion to continue. This Report and Recommendation followed on August 28, 2023.

The Plaintiff asserts in his objections that he was high risk from contracting COVID-19 due to his cancer, contracted it twice, and was hospitalized with COVID-19. Dkt. 100. He maintains that he was treated like the other inmates at the WSR "cronched in . . . shoulder to shoulder" without any additional protection (other than face masks) from the virus. *Id.* The Plaintiff asserts that his cancer placed him at greater risk than even he was aware at the time because he did not know he had it. *Id.* He maintains that Defendants knew the consequences of infection in their high risk population. *Id.* The Plaintiff alleges that the Defendants should not have waited to classify him as "high risk" as long as they did. *Id.* He asserts that this demonstrates that the Defendants were deliberately indifferent to his serious medical needs. *Id.*

The Plaintiff's objections are a repetition of his prior arguments and are addressed in the Report and Recommendation. The Report and Recommendation properly points out that the

Plaintiff has not demonstrated that any of the Defendants personally participated in the alleged deprivation of his Eighth Amendment rights.  Dkt. 98.  He has not shown that the Defendants were deliberately indifferent to a substantial risk of serious harm to him or that the Defendants disregarded that risk by failing to take reasonable measures to abate it.  Dkt. 98.  The Plaintiff argues that his summary judgment pleadings should be liberally construed.  Dkt. 100.  While *pro se* inmate's pleadings are excused from *strict* compliance with the summary judgment rules, they are not exempt from all compliance.  *Soto v. Sweetman,* 882 F.3d 865, 872 (9th Cir. 2018)(*emphasis in original*).  The Plaintiff must "identify or submit some competent evidence supporting his claim," (*Id.*) and this he has not done.  The Report and Recommendation should be adopted.

**ORDER**

It is **ORDERED** that:

- The Report and Recommendation (Dkt. 98) **IS ADOPTED;**
- The Defendants' motion for summary judgment (Dkt. 81) **IS GRANTED;** and
- This case **IS DISMISSED WITH PREJUDICE.**

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 3rd day of October, 2023.

ROBERT J. BRYAN
United States District Judge